UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**ELAINE L. CHAO, Secretary of Labor,**
**United States Department of Labor,**

                               **Plaintiff,**

               v.                                         **97-CV-0148**

**PATRICK BENNETT; EDMUND BENNETT; BENNETT FUNDING GROUP, INC.; BENNETT ASSOCIATES, INC.; BENNETT MANAGEMENT & DEVELOPMENT CORP.; BENNETT FUNDING GROUP, INC. PROFIT SHARING PLAN a/k/a ALOHA LEASING PROFIT SHARING PLAN; ALOHA LEASING PENSION PLAN; and BENNETT FUNDING GROUP, INC. 401(k) PROFIT SHARING PLAN,**

                               **Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

Hon. Glenn T. Suddaby
United States Attorney, Northern District of New York
William F. Larkin, Esq., Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261
Counsel for Plaintiff

Patrick R. Bennett, *pro se*
Defendant

Susan R. Katzoff, Esq.
300 South State Street
One Park Place
Post Office Box 4878
Syracuse, New York 13221
Counsel to the Chapter 11 Trustee for
Defendants Bennett Funding Group, Inc. and
Bennett Management & Development Corp.

**NORMAN A. MORDUE, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

By Memorandum-Decision and Order dated March 16, 2004 (Dkt. No. 158), the Court granted summary judgment to plaintiff United States Department of Labor ("DOL") in this action under Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, to recoup losses to employee benefit plans. Defendant Patrick Bennett ("defendant"), formerly a fiduciary of the plans, now brings an "emergency motion" (Dkt. No. 179) for relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. He claims that the Memorandum-Decision and Order and the ensuing Judgment entered March 17, 2004 (Dkt. No. 159) are void as against him because this action, filed on February 4, 1997, proceeded in violation of the automatic stay stemming from his bankruptcy petition, filed September 5, 1997. *See* 11 U.S.C. § 362(a).

By letter-order dated June 5, 2006 (Dkt. No. 189) this Court observed that Patrick Bennett had not yet received DOL's opposition papers when he submitted his reply papers (Dkt. No. 184) in further support of his motion; thus, the Court granted Patrick Bennett a further opportunity to reply to plaintiff's opposition papers. On June 23, 2006, Patrick Bennett submitted supplemental reply papers (Dkt. No. 191). It appears that the Chapter 11 Trustee for defendants Bennett Funding Group, Inc. and Bennett Management & Development Corp. properly served opposition papers on Patrick Bennett; in any event, such papers were re-served on him at his new address (Dkt. No. 186). Thus, the motion is ready for decision.

In considering the merits of the motion, the Court notes that an automatic stay under section 362(a) of the Bankruptcy Code does not prevent a governmental unit from enforcing its police or regulatory powers. *See* 11 U.S.C. § 362(b)(4); *National Labor Relations Bd. v. E.D.P. Medical Computer Sys., Inc.*, 6 F.3d 951, 957 (2d Cir. 1993). Courts have consistently held that this exception to the automatic stay permits DOL to pursue ERISA enforcement actions (such as

the instant action) against plan fiduciaries to recover plan losses. *See Chao v. Johnson*, 2005 WL 2095109, *1, n.1 (S.D.Tex.); *Metzler v. Bennett*, 1998 WL 187454, *4-*5 (N.D.N.Y.); *Dole v. Hansbrough*, 113 B.R. 96, 97 (D.D.C. 1990).  This exception applies here.

Moreover, the holding that the exception to the automatic stay applies to the action herein is law of the case. *See Metzler*, 1998 WL 187454 at *5.  The Court notes further that on June 23, 2006, the Second Circuit issued a mandate dismissing, pursuant to 28 U.S.C. § 1915(e), Patrick Bennett's *in forma pauperis* application and appeal (Dkt. No. 173, filed September 27, 2004) from this Court's Memorandum-Decision and Order and Judgment of March 17, 2004.  The stated reason for dismissal was that the appeal "lacks an arguable basis in fact or law."

The action properly proceeded despite defendant's bankruptcy filing.  There is no ground to relieve Patrick Bennett from the final judgment herein.

It is therefore

ORDERED that Patrick Bennett's motion (Dkt. No. 179) for relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure is Denied.

IT IS SO ORDERED.

July 14, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

-3-